IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MANLEY et al.,
    *Plaintiffs*,

v.

EVETTE THREETHS et al.,
    *Defendants.*

Civil Action No. ELH-20-2005

**MEMORANDUM**

On July 13, 2020, the self-represented plaintiffs, Michael and Susan Manley, filed suit against Evette Threeths, their landlord, and Baltimore Rent Court Agents, LLC ("BRCA"), the landlord's agent. ECF 1 (the "Complaint"). The Manleys allege that defendants violated a number of federal and state laws, including the Fair Housing Act ("FHA"), as amended, 42 U.S.C. §§ 3601, *et seq*, and the Americans with Disabilities Act of 1990 (the "ADA"), as amended, 42 U.S.C. § 12101. *Id.*

Both defendants were served on August 6, 2020. ECF 5. Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must respond to a suit within twenty-one days after being served with a summons and complaint. *See* Fed. R. Civ. P 12(a)(1)(A)(i). Neither defendant responded to the Complaint within this time period. *See* Docket.

On September 2, 2020, defendant Threeths filed a motion for extension of time to respond to the Complaint. ECF 6. By Order of September 3, 2020, I granted Threeths' request, extending the response date to October 2, 2020, subject to the right of any plaintiff to move to rescind the extension as improvidently granted. ECF 7. Thereafter, on September 8, 2020, plaintiffs moved to rescind the Order as improvidently granted. ECF 9. However, by Order of September 11, 2020, I denied plaintiffs' request, and again directed Threeths to respond to the Complaint by

1

October 2, 2020.  ECF 10.

On September 3, 2020, plaintiffs also filed a "Request for Entry of Default."  ECF 8 (the "Motion").  It stated in part, *id.* at 1:  "Plaintiffs…requests [sic] the Clerk to enter a default against Defendant, Evette L. Threeths, on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure."  Plaintiffs' Motion was supported by three exhibits.  ECF 8-1 to ECF 8-3.  The exhibits included an affidavit in support of the motion for default against Threeths (ECF 8-1); a "Status Report" from the Department of Defense on Threeths (ECF 8-2); and a "Request for Entry of Default" as to defendant BRCA, although BRCA is not named in the Motion itself.  ECF 8-3.

The Clerk apparently construed plaintiffs' Motion as a request for an entry of default against both defendants.  The Clerk entered an Order of Default on September 11, 2020, only as to BRCA, pursuant to Fed. R. Civ. P. Rule 55(a).  ECF 11; ECF 12.

On September 23, 2020, BRCA moved to vacate the Clerk's Order of Default (ECF 14, "Motion to Vacate"), and to dismiss the Complaint.  ECF 15. Threeths moved to dismiss the Complaint on September 30, 2020.  ECF 18.  Thereafter, on October 21, 2020, plaintiffs filed an Amended Complaint.  ECF 20.

The Amended Complaint replaces and supersedes the original Complaint, to which the motions to dismiss were directed.  *See, e.g., Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001).  Therefore, in light of the filing of the Amended Complaint, both motions to dismiss (ECF 15; ECF 18) are now moot.

With respect to the Motion to Vacate, Rule 55(c) of the Federal Rules of Civil Procedure states, in part: "The Court may set aside an entry of default for good cause . . . ."  In *Payne ex rel. Estate of Calzada v. Break*, 439 F.3d 198, 203 (4th Cir. 2006), the Fourth Circuit instructed:

2

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

To be sure, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F.Supp. 2d 418, 421 (D. Md. 2005). Nevertheless, the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989).

Here, BRCA responded to the Complaint and moved to vacate the entry of default within two weeks of the Clerk's Order. *See* ECF 14; ECF 15. In the Motion to Vacate, BRCA contends that it was "of the belief that the Plaintiff was bringing a cause of action against their client Defendant Threeths and that the Complaint required no action on its part." ECF 14, ¶ 2. Moreover, because of an indemnification provision in the contract between Threeths and BRCA, BRCA believed that Threeths "had filed a timely Answer to the Complaint both on her behalf and on behalf of Defendant BRCA." *Id.* ¶ 4. BRCA now requests an opportunity to "mount a proper defense to any claims against it." *Id.* at 2.

There is no indication of any prejudice to plaintiffs by such a comparatively brief delay at the outset of this litigation. Moreover, plaintiffs did not properly name BRCA in their request for

3

entry of default (*see* ECF 8), and therefore plaintiff was not entitled to the entry of default. Moreover, plaintiffs have not opposed the Motion to Vacate, and the time to do so has expired. *See* Docket.

In the exercise of my discretion, and given the absence of any prejudice to plaintiffs or deliberate, dilatory conduct by BRCA, I shall grant the Motion to Vacate (ECF 14).

In addition, I shall deny the motions to dismiss (ECF 15; ECF 18), without prejudice to the right of defendants to renew their arguments directed to the Amended Complaint, to the extent permissible by the Federal Rules of Civil Procedure.

An Order follows.


Date:   October 26, 2020                         /s/
                                        Ellen Lipton Hollander
                                        United States District Judge