IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MANLEY, *et al.*
*Plaintiffs*

v.

EVETTE L. THREETHS, *et al.*,
*Defendants.*

Civil Action No. ELH-20-2005

**MEMORANDUM OPINION**

The self-represented plaintiffs, Michael and Susan Manley, filed a discrimination suit against Evette Threeths, their landlord, and Baltimore Rent Court Agents, LLC ("BRCA"), the landlord's agent. ECF 1 (the "Complaint"); ECF 20 ("First Amended Complaint"). Mr. and Ms. Manley are both "White" and "Traditional Roman Catholic" and, at the time of suit, they were 66 years of age. ECF 20, ¶¶ 10, 11. Mr. Manley is also "legally disabled." *Id.* ¶ 10. Plaintiffs allege that defendants discriminated against them on the basis of race, age, disability, and religion.

The First Amended Complaint contains two counts. However, both counts seem to assert multiple causes of action. Count I is titled "Violation of the Fair Housing Act, Title VII of the Civil Rights Act of 1968." But, in the body of the Count, plaintiffs allege that defendants discriminated against them in violation of 42 U.S.C. § 1981; the Fair Housing Act of 1968 ("FHA"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601, *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and the Americans with Disabilities Act of 1990 (the "ADA"), as amended, 42 U.S.C. § 12101. ECF 20, ¶¶ 91-97. Count II is titled "Abuse of Process." Plaintiffs assert State law claims for abuse of process and malicious use of process. *Id.* ¶¶ 98-103.

BRCA has answered the suit. ECF 24. Threeths has moved to dismiss the suit pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e). ECF 23. The motion is supported by a memorandum of law. ECF 23-1 (collectively, the "Motion"). Threeths argues, *inter alia*, that the Amended Complaint fails to allege facts sufficient to state a claim for relief. And, Threeths urges the Court to decline to exercise supplemental jurisdiction with regard to the State law claims. Plaintiffs oppose the Motion. ECF 28. Threeths has not replied (*see* docket), and the time to do so has expired.

No hearing is necessary to resolve the motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion, without prejudice to plaintiffs' right to pursue their claims against Threeths in State court.

## I. Factual Background

On December 20, 2019, plaintiffs entered into a "Ratified Residential Lease Agreement," ("Lease") with Threeths for a residential property on High Oak Road in Glen Burnie, Maryland (the "Property"). ECF 20, ¶ 12. It appears that the Property is a house. *See, e.g., id.* ¶ 37. The term of the Lease was 12 months, with an option to increase it to 24 months. *Id.*

The Amended Complaint describes a series of alleged incidents as well as plaintiffs' grievances against defendants. According to plaintiffs, "Threeths is constantly and maliciously harassing both Plaintiffs...by spying through their 'Vivient remote control video camera security system.'" *Id.* ¶ 30. Plaintiffs claim, for example, that on February 6, 2020, Threeths rang plaintiffs' doorbell, "through her Vivient remote-control," every two minutes between 4:30 a.m. and 8:00 a.m. *Id.* ¶¶ 34-38. Further, they allege that defendants misrepresented the size of the Property and they "lost valuable furnishings because of this deceit." *Id.* ¶ 47.

Plaintiffs provided Threeths with notice of "deficiencies" as to the Property, some of which "were outlined in the addendum" to the Lease. *Id.* ¶ 17. For example, they claimed roach infestation, a broken sump pump, and inadequate sewage disposal. *Id.* ¶¶ 56, 57. It is not clear whether Threeths corrected the defective conditions.

Additionally, plaintiffs contend that Threeths has "continually" accused plaintiffs of failing to pay rent and has forced plaintiffs to "unnecessarily and constantly…visit and re-visit the court house…to defend" themselves against "unscrupulous, cunning and malicious lies and charges against" them. *Id.* ¶ 43; *see also id.* ¶¶ 18-28, 51-54, 58-60.

In sum, plaintiffs allege that since they moved into the Property, Threeths "has maliciously abused, constantly harassed, tried to 'extort' money from Plaintiff[s] through 'fraudulent' means . . . ." *Id.* ¶ 85. Plaintiffs assert that Threeths has shown "'ill' and 'hostile' will towards" plaintiffs because they "are an 'elderly' couple and of the 'Caucasion' race." *Id.*

## II.   Standards of Review

### A.  Rule 8

Rule 8 of the Federal Rules of Civil Procedure sets forth the "baseline standard to which all complaints must adhere." *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 701 (D. Md. 2017). Under Rule 8(a), a complaint must "contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The rule also requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P 8(d)(1). The goal of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); WRIGHT & MILLER, § 1202 (describing the objectives of Rule 8).

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, *Miss.*, 574 U.S. 10, 10 (2014) (per curiam).  But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

Whether a complaint satisfies Rule 8 turns on "various factors, including the length and complexity of the complaint; whether the complaint was clear enough to enable the defendant to know how to defend himself; and whether the plaintiff was represented by counsel." *Sewarz v. Long*, 407 F. App'x 718, 719 (4th Cir. 2011) (internal citations omitted).  A complaint does not run afoul of Rule 8 merely because it is bloated with redundant allegations.  *See id.* (finding district court erred in dismissing 33-page complaint where the allegations were "intelligible and clearly delineated"); *see also United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d

4

374, 378 (7th Cir. 2003) ("Surplusage can and should be ignored."). Nor does the occasional lapse in clarity doom a complaint.

### B.  Rule 12(b)(6)

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Twombly*, 550 U.S. at 555-56. To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Paradise Wire & Cable*, 918 F.3d at 317; *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019)

5

(alteration in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). However, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (citation omitted).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the

'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, 576 U.S. 155 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

Plaintiffs are self-represented. Thus, their pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the Court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint). As the Fourth Circuit has said: "To do so would not only strain judicial resources by requiring those courts to explore exhaustively

all potential claims of a pro se plaintiff, but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

### III. Discussion

#### A. Count I

As noted, in Count I plaintiffs seem to assert claims under 42 U.S.C. § 1981, the FHA, the Rehabilitation Act, and the ADA. Threeths contends that the Amended Complaint contains insufficient allegations to sustain a claim under any of these statutes. I agree.

In relevant part, § 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory ... to the full and equal benefit of all laws ... as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). "Although Section 1981 does not explicitly use the word 'race,' the Supreme Court has construed the statute to ban all racial discrimination in the making of public and private contracts." *Nnadozie v. Genesis Healthcare Corp.*, 730 F. App'x 151, 156 (4th Cir. 2018) (citing *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987)); *see Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975) ("§ 1981 affords a federal remedy against discrimination ... on the basis of race.").

Plaintiffs have failed to allege membership in a racial minority that would make them eligible for relief under the statute. *Nnadozie*, 730 F. App'x at 141 (noting that, "at the very least, a Section 1981 claim must allege race-based discrimination"). Thus, plaintiffs have failed to state a claim under 42 U.S.C. § 1981.

Plaintiffs also assert that they were discriminated against in violation of the FHA. In particular, plaintiffs cite to three sections of the FHA: §§ 3604(a), (b), (f)(1).

The FHA prohibits discrimination in rental housing or "in the provision of services or facilities in connection therewith" on the basis of race, color, religion, sex, national origin,

familial status, or disability. 42 U.S.C. §§ 3604(a), (b). And, the FHA makes it unlawful "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." *Id.* § 3604(f)(1). The statute defines discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id.* § 3604(f)(3)(B).

Plaintiffs make various complaints about the Property and Threeths. However, plaintiffs do not assert that they were prohibited from renting property or denied reasonable accommodations. Further, plaintiffs never allege facts that suggests a causal connection between the alleged incidents and plaintiffs' race, age, religion, or disability.

As to the Rehabilitation Act, 29 U.S.C. § 794(a) provides: "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...."

Plaintiffs have not alleged that they were subjected to discrimination under a program or activity "receiving Federal financial assistance." Nor have they alleged how the Rehabilitation Act applies to Threeths. Thus, this claim must be dismissed.

The ADA was enacted in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101(b)(1), and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." *Id.* § 12101(b)(2). The ADA contains five titles: Title I, Employment; Title II, Public Services; Title III, Public Accommodations; Title IV, Telecommunications; and Title V, Miscellaneous Provisions.

In their opposition, plaintiffs contend that their claim falls under Title III of the ADA. *See* ECF 28 at 29. Title III provides, in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, disability is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." *Id.* § 12102(1). Discrimination is defined as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...." *Id.* § 12182(b)(2)(A)(ii).

To state a claim under Title III, a plaintiff must allege: "(1) that [he] is disabled within the meaning of the ADA; (2) that defendant owns, leases, or operates a place of public accommodation; and (3) defendant discriminated against [him] by denying [him] a full and equal opportunity to enjoy services provided at such place of public accommodation." *Blue v. Cumberland Cty.*, No. 5:14-CV-86-FL, 2015 WL 164722, at *2 (E.D.N.C. Jan. 13, 2015) (citing, *inter alia*, 42 U.S.C. § 12182(a) and *Camarillo v. Carrots Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)).

The statute enumerates twelve categories of establishments that are considered places of public accommodation. These include "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor." 42 U.S.C. § 12181(7). A private residential property does not fall in this category.

*See, e.g.*, *Want v. Shindle Properties, LLC*, PWG-18-2833, 2018 WL 5392521, at \*5 (D. Md. Oct. 29, 2018) (finding that any ADA claim in the context of a private apartment complex is subject to dismissal); *Hardaway v. Equity Residential Servs., LLC*, DKC-13-0149, 2015 WL 858086, at \*5 (D. Md. Feb. 26, 2015) (concluding that defendant's apartment complex did not fall under the ADA); *see also Reid v. Zackenbaum,* No. 05–CV–1569 (FB), 2005 WL 1993394, at \*12–13 (E.D.N.Y. Aug. 17, 2005) ("Because [the plaintiff] is alleging discrimination in connection with a place of residence, he fails to state a claim that is subject to the ADA under the public accommodation provision of that act."); *Indep. Housing Svcs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 (N.D. Cal. 1993) ("[T]he legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities.").

Plaintiffs have failed to assert any allegations pertaining to the elements of a Title III claim under the ADA. They allege that Mr. Manley is "disabled," but they do not provide any additional information as to whether he is disabled within the meaning of the ADA. *See* ECF 20, ¶ 10. Nor do plaintiffs allege that their residence was "a place of public accommodation" or that Threeths denied them "a full and equal opportunity" to enjoy the Property. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.").

On the basis of the facts alleged, the facts do not state a federal claim. Therefore, I shall dismiss Count I as to Threeths, without prejudice. In doing so, I express no opinion on the merits of plaintiffs' grievances. But, to the extent that plaintiffs contend that Threeths has failed to fulfill her obligations under the Lease, or otherwise failed to comply with Maryland law governing matters between a landlord and a tenant, these are quintessentially matters for a State court to consider.

### B. Count II

Under Count II, titled "Abuse of Process," plaintiffs assert that defendants' actions "constituted malicious use of process and abuse of process, in violation of the common law of the State of Maryland." ECF 20, ¶ 103.

Threeths moves to dismiss both claims, arguing that plaintiffs' tort claims under Count II fail for the same reasons as their federal law claims. ECF 23-1 at 9.

To establish a claim for abuse of process, plaintiff must prove (1) willful use of process for an illegal purpose, after process has been issued; (2) with an underlying ulterior motive; and (3) resulting damages. *Humphrey v. Herridge*, 103 Md. App. 238, 653 A.2d 491 (1995); *see also Allen v. Bethlehem Steel Corp.*, 76 Md. App. 642, 650, 547 A.2d 1105, *cert. denied sub nom. Green and Vernon Green Assocs. v. Allen*, 314 Md. 458, 550 A.2d 1168 (1988). The tort occurs only when a person uses criminal or civil process for an illegal purpose after process has issued. *Palmer Ford, Inc. v. Wood*, 298 Md. 484, 511, 471 A.2d 297 (1984); *see One Thousand Fleet Ltd. v. P'ship v. Guerriero*, 346 Md. 29, 38, 694 A.2d 952, 956 (1997) ("Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process is required....") (internal citation omitted).

"The mere issuance of the process itself, however, is not actionable, even if it is done with an 'ulterior motive' or 'bad intention.' Rather, '[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process is required....'" *Campbell v. Lake Hallowell Homeowners Ass'n*, 157 Md. App. 504, 530, 852 A.2d 1029, 1044 (2004). Moreover, with respect to the element of damages, "the injuries contemplated by this particular tort (and an indispensable element of it) are limited to an improper arrest of the person or an improper seizure of property." *Herring v. Citizens Bank and Trust Co.*, 21 Md. App. 517,

536, 321 A.2d 182 (1974); *accord One Thousand Fleet Ltd.*, 346 Md. at 45–46, 694 A.2d at 956 ("The plaintiff [must] establish that an arrest of the person or a seizure of property of the plaintiff resulted from the abuse of process.").

Plaintiffs allege that that the "eviction proceedings" instigated in Maryland State Court "were not filed in good faith but for the ulterior purpose of harassing, intimidating, and annoying the Plaintiffs." ECF 20, ¶ 20. However, as noted, the "mere issuance of process itself…is not actionable, even if it is done with 'ulterior motive' or 'bad intention.'" *Campbell*, 157 Md. App. at 530, 852 A.2d at 1044. Moreover, with respect to damages, plaintiffs do not allege that they were arrested or that their property was seized.

"Malicious use of process is a disfavored cause of action with five elements that 'all must co-exist to maintain the action.'" *Wallace v. Mercantile County Bank*, 514 F. Supp. 2d 776, 791 (D. Md. 2007) (quoting *One Thousand Fleet Ltd.*, 346 Md. at 37, 694 A.2d at 955-56). The five elements are as follows: (1) "a prior civil proceeding must have been instituted by the defendant"; (2) "the proceeding must have been instituted without probable cause"; (3) "the prior civil proceeding must have been instituted by the defendant with malice"; (4) "the proceedings must have terminated in favor of the plaintiff"; (5) "plaintiff must establish that damages were inflicted upon the plaintiff by arrest or for imprisonment, by seizure of property, or other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action." *One Thousand Fleet Ltd.*, 346 Md. at 37, 694 A.2d at 956. Probable cause is defined as "'a reasonable ground for belief in the existence of such state of facts as would warrant institution of the suit or proceeding complained of.'" *Id.* (internal citation omitted).

Plaintiffs' allegations fall far short of stating a plausible claim for malicious use of process. Among other things, they have not claimed that the alleged wrongful proceedings resulted in an arrest, a seizure of property, or "other special injury."

In sum, the State law claims against Threeths are subject to dismissal.

### IV. Conclusion

For the foregoing reasons, I shall grant the Motion (ECF 23) and dismiss the case as to Threeths, without prejudice.

An Order follows, consistent with this Memorandum Opinion.

Date: May 20, 2021 /s/
Ellen L. Hollander
United States District Judge